**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALFREDO HERRERA,

     Defendant-Appellant.

No.  05-5005
(D.C. No. 03-CR-56-C)
(N. D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, HARTZ**  and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Alfredo Herrera appeals the district court's order of detention pending trial.  On July 15, 2004, the magistrate judge held a detention hearing

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 18 U.S.C. § 3142(f).  Based on the evidence at the hearing, the magistrate judge ordered that Mr. Herrera be detained pending trial because he was a flight risk.  In November, Mr. Herrera filed a motion to re-open the detention hearing, arguing that he had discovered new evidence that would impact the court's detention determination.  On December 1, the magistrate judge held another hearing.  At the close of the hearing, the magistrate judge issued an order releasing Mr. Herrera pending trial based on the new evidence presented.  The government appealed, arguing that Mr. Herrera had not presented any new evidence that would justify the magistrate judge's release order.

On December 20, the district court held a hearing to review the magistrate judge's orders.  On December 23, the district court entered an order detaining Mr. Herrera pending trial.  The district court determined that the magistrate judge's release order should be revoked and that the detention order should be reinstated because there was no new evidence to justify re-opening the hearing.  Alternatively, the district court held, based on its independent review, that there was clear cause to detain Mr. Herrera pending trial because he was a flight risk and a danger to the community.  Mr. Herrera now appeals from the district court's order.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c).  Having reviewed the briefs, the record, and the applicable law, we conclude that

the district court correctly decided this case.  We therefore AFFIRM the judgment

for substantially the same reasons stated by the district court in its Order filed

December 23, 2004.


                                        ENTERED FOR THE COURT
                                        PER CURIAM